UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Harry N. Charles, II, # 268775 | ) C/A No. 2:10-1800-MBS-RSC |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Jon Ozmint, Director of SCDC; | ) |
| Raymond Reed, Warden @ Manning; | ) |
| Elwood Sessions, Captain @ Manning, | ) |
| Defendants. | ) |

The plaintiff, Harry N. Charles, II ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Plaintiff alleges that several problems related to his living conditions violate his constitutional rights. Plaintiff seeks money damages and injunctive relief. The complaint should be summarily dismissed for failure to allege a cognizable claim.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further,

2

the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

3

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he and the other inmates assemble in the "tunnel" area for "mail room, canteen, barbershop, medical, commissary, classification, pill-line, and count time." Signs are attached to the walls stating, "'Absolutely No Talking In The Tunnel.'" Also, signs are placed in the cafeteria stating, "'No Talking In The Cafeteria.'" Plaintiff alleges that if he talks he will be punished in some way, for example, holding cell or loss of opportunity. (Compl. at 3) Plaintiff alleges that Wards 1-6 are without air conditioning and that the inside temperatures reach 85 to 90 degrees. He alleges that Wards 1-6 do not have an ice machine and that the water fountain overheats after constant use. Plaintiff alleges that Wards 7-9 have air conditioning and Wards 8 and 9 have an ice machine. He alleges that with the high temperatures in Wards 1-6, and with the current lack of ice and sometimes water, he is exposed to a dangerous condition. *Id.* Plaintiff alleges that Wards 1-6 "have a problem with mice, all kinds of bugs/insects (cockroaches) and snakes. This problem exist (sic) due to poor construction." *Id.* He also alleges that in the cafeteria serving area "there are mice, bugs and all sorts of

4

insects (spiders/roaches). (Compl. at 4) Lastly, Plaintiff complains about "inadequate recreation that has an indefinite change." *Id.* Plaintiff alleges that the defendants have each contributed to the alleged prison condition problems, that they are aware of the problems, and that they will not correct them. (Compl. at 3)

> Plaintiff's request for relief is:
>
> 1) That Manning Correctional Institution be closed down and remodeled for better conditions. 2) That I the plaintiff be immediately released from these conditions (absolute release), see habeas corpus.[3] 3) That I receive $25,000 punitive damages for each defendants deliberate neglect to ensure me a livable atmosphere. 4)Whatever else this Honorable Court deems just and proper.

(Compl. at 5)

## Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[3] Along with his complaint in this civil action, Plaintiff mailed to this court a petition for a writ of habeas corpus. The Clerk of Court opened a habeas action for the Plaintiff on the same day. *See Charles v. South Carolina, et al.*, C/A No. 2:10-1801-MBS-RSC.

available are exhausted." In his complaint, Plaintiff stated that there is a prisoner grievance procedure at Manning Correctional and that he did file a grievance concerning the claims he raises in this civil action. When asked the date his grievance was filed, Plaintiff responded "N/A." Plaintiff further stated that he has <u>not</u> received a final agency/departmental/institutional answer concerning his grievance. Additionally, he noted that he "wrote the Warden, spoke to Captains, Lt.'s, & Sgt.'s to no avail!" In this case, it is clearly apparent from the face of the complaint that Plaintiff did not wait to receive a final answer from SCDC before he filed this lawsuit. This case is a rare circumstance where based on the face of the complaint the action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is

considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate. *See Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (*In forma pauperis* proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation.").

An SCDC inmate must usually wait approximately 125 days from the time he initiates a grievance until final disposition. *See* SCDC Inmate Grievance System Policy issued 9-1-2009. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. *See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.* The Supreme Court held that the PLRA

"seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary). After approximately 125 days have passed, an inmate will usually have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a). *E.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Plaintiff's action should be dismissed without prejudice allowing Plaintiff the opportunity to file a new suit after exhaustion requirements are met.

Moreover, to the extent that Plaintiff filed this lawsuit to bring about his absolute release from SCDC, this civil action fails to state a cognizable claim. Release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Additionally, Plaintiff does not allege a personal injury resulting from any of the alleged unconstitutional prison conditions. At most, liberally construed, he alleges the threat of future harm. The threat of future harm can qualify as cruel and unusual punishment in violation of the Eighth Amendment under

8

certain circumstances. *Baze v. Rees*, 128 S.Ct. 1520, 1530-31 (2008). "[T]he conditions presenting the risk must be 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Id*. Plaintiff's allegations do not give a reasonable inference of such a substantial risk of serious harm. Thus, he failed to state a claim on which relief may be granted. While this court acknowledges that it is not pleasant to see insects or rodents, there is no allegation that insects or rodents have come in contact with food or the inmates. There is no allegation that a lack of exercise has caused Plaintiff any physical or other problem. There is no allegation as to how many days Plaintiff was exposed to 85 to 90 degree heat without adequate water or whether it caused him any problem. Also, there is no allegation as to what Plaintiff desires to speak about to his fellow inmates when he is in the cafeteria or "tunnel."

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

July **29**, 2010                       Robert S. Carr  
Charleston, South Carolina     United States Magistrate Judge

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).